IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In the Matter of:                         )
                                          )
STEVE SHICKLES, JR.                       )        CASE NO. 19-80155-CRJ11
SSN: XXX-XX-4301                          )
                                          )        CHAPTER 11
RONDA SHICKLES                            )
SSN: XXX-XX-0467                          )
                                          )
        Debtors.                          )
_____     )

## NOTICE OF REMOVAL

Steve Shickles, Jr. and Ronda Shickles as Debtors and Debtors in Possession (collectively the, "Debtors") hereby file this Notice of Removal pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure ("FRBP") on the following grounds:

## BACKGROUND

1.      On January 14, 2019, Plaintiffs Simple Helix, LLC, Deep Blue Holdings, LLC, Alpha Hosting, LLC, The Westmoreland Company, Inc., Karl Leo, and Jada Leo (collectively, the "Plaintiffs") filed a Verified Complaint against the Debtors in the action styled *Simple Helix, LLC, et al. v. Steve Shickles and Ronda Shickles*, pending before the Circuit Court of Madison County, Alabama (the "Circuit Court") and assigned case number 47-CV-2019-900063.00 (the "State Court Proceeding").

2.      Debtor Steve Shickles, Jr. is one of four members of Deep Blue Holdings, LLC. Jada Leo, Karl Leo, and The Westmoreland Company, Inc. are the remaining members of Deep Blue Holdings, LLC. Deep Blue Holdings, LLC is the parent company of Simple Helix, LLC. Simple Helix, LLC is the parent company of Alpha Hosting, LLC. In the State Proceeding, Plaintiffs allege that Debtors misappropriated funds belonging to the Plaintiffs for their own

personal use and seek a judgment for claims of conversion, fraud, conspiracy, breach of contract, and breach of fiduciary duties against Debtors.

3.     Debtors deny and dispute these claims, and they intend to defend themselves from the false allegations filed by Plaintiffs.  Further, Debtors shall pursue claims for oppression, breach of fiduciary duties, fraud, and conspiracy against Plaintiffs for which any possible recovery would benefit the Debtors' Bankruptcy Estate.

4.     On January 10, 2019, prior to filing their Verified Complaint, Plaintiffs filed a Temporary Restraining Order in the Circuit Court, which was granted.  The State Court scheduled a preliminary injunction hearing for January 18, 2019.

5.     On January 17, 2019 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division, commencing the above referenced bankruptcy case which bears Case No. 19-80155 (the "Bankruptcy Case").

6.     Since the Petition Date, the Debtors have continued to operate and manage their affairs as debtors in possession under Sections 1107(a) and 1108 of the Bankruptcy Code.  To date, this Court has not appointed a trustee or examiner nor has any official committee been established in the Bankruptcy Case.

## REMOVAL UNDER 28 U.S.C. § 1452

7.     The State Court Proceeding may be removed to this Court pursuant to 28 U.S.C. § 1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district

> court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Based on the language of Section 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, this Court has original jurisdiction over all civil proceedings "arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b).

8. The State Court Proceeding is related to the Debtors' Bankruptcy Case within the meaning of 28 U.S.C. § 1334 because the claims presented requires a determination as to (1) whether the purported misappropriated funds constitute property of the Bankruptcy Estate under Section 541 of the Bankruptcy Code; (2) whether Plaintiffs' alleged claims against the Debtors are valid and subject to avoidance under the Bankruptcy Code, and (3) how the Debtors' own potential claims against Plaintiffs and any recovery would be distributed to Debtors' creditors. Further, the State Court Proceeding being removed is a "core" proceeding under 28 U.S.C. § 157(b)(2)(a) since it involves the allowance or disallowance of claims against the Bankruptcy Estate and (b)(2)(c) which includes any counterclaims by the Bankruptcy Estate.

9. The State Court Proceeding is a civil action within the meaning of 28 U.S.C. § 1452 because: (a) the State Court Proceeding is a private party dispute between Plaintiffs and the Debtors, in which parties seek to determine liability for purported conversion, fraud, breach of contract, breach of fiduciary duties, and conspiracy; and (b) the State Court Proceeding is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. Instead, the Circuit Court is functioning as a judicial tribunal over a private civil action between the parties.

10. Based on the foregoing, the State Court Proceeding may be removed to this Court pursuant to 28 U.S.C. § 1452.

3

## ALL REQUIREMENTS FOR REMOVAL HAVE BEEN MET
## AND REMOVAL TO THIS COURT IS PROPER

11.     This Notice of Removal is timely pursuant to FRPB 9027 because the Debtors filed this Notice of Removal with this Court within ninety (90) days of the entry of the order for relief under the Bankruptcy Code and within ninety (90) days of the Petition Date because the commencement of a voluntary Chapter 11 proceeding constitutes an order for relief. 11 U.S.C. § 301(b).

12.     Upon removal, the State Court Proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (E), (F), and (O). Moreover, because the State Court Proceeding asserts a claim against the Debtors, it necessarily implicates the Bankruptcy claims allowance process and is therefore constitutionally, as well as statutorily, "core" within the Supreme Court's ruling in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

13.     This Court is the proper court in which to remove this action pursuant to 28 U.S.C. § 1452 and FRBP 9027 because the State Court Proceeding is pending with a state court located within this district and division.

14.     A copy of this Notice of Removal is being served upon all parties to the State Court Proceeding and their respective counsel of record and will be filed with the Clerk of the Circuit Court.

15.     True and correct copies of the pleadings and other documents on file in the State Court Proceeding are attached hereto as Exhibit "A."

16.     Debtors consent to the entry of final orders and judgment by the Bankruptcy Judge.

17.     Debtors have not heretofore sought similar relief regarding the removal of the State Court Proceeding.

4

## ADOPTION AND RESERVATION OF CLAIMS AND DEFENSES

18.     Nothing in this Notice of Removal is intended as a waiver or relinquishment of the Debtors' rights to maintain and/or assert any claims or defenses in this matter, which rights are expressly reserved.

19.     Further, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the rights and protections under the automatic stay provided pursuant to § 362 of the Bankruptcy Code and any other rights and protections afforded the Debtors under the Bankruptcy Code, which rights and protections are expressly reserved.

WHEREFORE, PREMISES CONSIDERED, Debtors hereby remove the State Court Proceeding to the United States Bankruptcy Court for the Northern District of Alabama, Northern Division pursuant to 28 U.S.C. § 1452 and FRBP 9027.

Respectfully submitted this 22nd day of January, 2019.

*/s/ Kevin D. Heard*
Kevin D. Heard

*/s/ Angela S. Ary*
Angela S. Ary

Attorneys for Debtors
HEARD, ARY & DAURO, LLC
303 Williams Avenue, Suite 921
Huntsville, Alabama 35801
256-535-0817
kheard@heardlaw.com
aary@heardlaw.com

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of January, 2019, I served a copy of the foregoing on the parties listed below and on the attached matrix by depositing the same in the United States Mail, postage prepaid and properly addressed, via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**<u>Notice, via the CM/ECF System, will be electronically mailed to:</u>**

Richard M Blythe
Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov

Kevin C Gray on behalf of Creditors Alpha Hosting, LLC, Deep Blue Holdings, LLC, Simple Helix, LLC, The Westmoreland Company, Inc., Jada Leo, and Karl Leo
kgray@bradley.com, kevingray671@gmail.com;ttatum@bradley.com;mpressley@bradley.com

Andrew J. Shaver on behalf of Creditors Alpha Hosting, LLC, Deep Blue Holdings, LLC, Simple Helix, LLC, The Westmoreland Company, Inc., Jada Leo, and Karl Leo
ashaver@bradley.com

**<u>Notice, via US Mail, will be sent to:</u>**

All parties on the attached matrix.

Brian J. Richardson
*Attorney for Plaintiffs*
Leo Law Firm, LLC
200 Randolph Ave.
Huntsville, AL 35801

Simple Helix, LLC
c/o Jada R. Leo, Registered Agent
200 Randolph Ave.
Huntsville, AL 35801

Deep Blue Holdings, LLC
c/o Jada R. Leo, Registered Agent
200 Randolph Ave.
Huntsville, AL 35801

Alpha Hosting, LLC
c/o Jada R. Leo, Registered Agent
200 Randolph Ave.
Huntsville, AL 35801

The Westmoreland Company, Inc.
c/o Karl W. Leo, Registered Agent
200 Randolph Ave.
Huntsville, AL 35801

Jada Leo
200 Randolph Ave.
Huntsville, AL 35801

Karl Leo
200 Randolph Ave.
Huntsville, AL 35801

*/s/Kevin D. Heard*
Kevin D. Heard