IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| STEVE SHICKLES and | ) |
| RONDA SHICKLES | ) |
| | ) CASE NO. 19-80155-CRJ11 |
| | ) |
| Debtors. | ) CHAPTER 11 |
| | ) |

## SUPPLEMENTAL DECLARATION OF WALTER A. "TOD" DODGEN

I, Walter A. "Tod" Dodgen, declare and state as follows:

1. I hereby make this Declaration in support of the application, as supplemented, (the "Application") of Steve and Ronda Shickles Debtor and Debtor-in-possession ("Debtors"), to employ Maynard Cooper & Gale, P.C. ("Maynard") pursuant to 11 U.S.C. § 327(e) and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as special counsel to represent the Debtors with respect to an ongoing Lawsuit. All capitalized terms not defined herein have the meanings ascribed to them in the Application.

2. I am a shareholder in Maynard, and am duly admitted and licensed to practice in the State of Alabama.

### SERVICES

3. Subject to further order of this Court, and without being exclusive, the Debtors has proposed to engage Maynard to render the following types of legal services:

   a. Advising the Debtors of its rights and remedies with respect to the Lawsuit;

   b. Preparing on behalf of the Debtors all necessary pleadings, briefs, and other legal documents with respect to the Lawsuit;

   c. Representing the Debtors in negotiations, discussions, litigation, mediation, arbitration or other proceedings related to the Lawsuit; and

1

d. Performing legal services on behalf of the Debtors necessary to preserve or advance any rights and remedies the Debtors may have concerning the Lawsuit.

4. To the best of my knowledge, Maynard has no connection with the Debtors, its creditors, or any other parties in interest, or their respective attorneys and accountants.

5. On January 13, 2019, Maynard received a retainer in the amount of $70,000 from Debtors for representation in the Lawsuit. From this retainer Maynard paid its pre-petition fees as well as the filing fees for this proceeding and issued a $20,000.00 retainer check to Heard, Ary & Dauro, LLC.

6. To the best of my knowledge, there do not exist any circumstances or relationships in which Maynard holds or represents an interest adverse to the Debtors with respect to the matters on which Maynard is to be employed, or which otherwise create or raise any conflict of interest, prohibiting the Debtors employment of Maynard as special counsel under 11 U.S.C. § 327(e), or which result in Maynard being disqualified from serving as the Debtors special counsel.

7. To the best of my knowledge, there are no arrangements between Maynard and any other entity for the sharing of compensation received or to be received in connection with the Debtors' case, except as such compensation may be shared among the shareholders, counsel, and associates of Maynard.

8. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, and as qualified herein, the Debtors have proposed to pay Maynard its customary hourly rates in effect from time to time and to reimburse Maynard according to its customary reimbursement policies.

9. Maynard has been retained by the Debtors on an hourly fee basis. The Maynard attorneys expected to be primarily responsible for representing the Debtors, and their respective hourly rates at which they will charge the Debtors, are as follows:

   a. Walter A. "Tod" Dodgen - $505/hour

   b. David R. Beasley - $280/hour

10. Subject to Court approval, Maynard shall also seek reimbursement of the actual, necessary expenses incurred by Maynard on behalf of the Debtors and the Debtors' estate. It is Maynard's policy to charge its clients in all areas of practice for all direct expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, filing fees, travel costs, express mail costs, messenger and delivery service costs, copying costs, briefing costs, document processing costs, overtime assistance charges, computerized research costs, court fees, transcript costs, and, in general, all identifiable expenses that would not have been incurred except for the representation. Maynard will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Maynard's other clients.

11. It is contemplated that Maynard will seek monthly compensation, and at least interim compensation, during the case as permitted by the Court, sections 330 and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016. Maynard understands that its compensation in this case is subject to the prior approval of the Court. No compensation will be paid except in compliance with any procedures approved by order of this Court or upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

12. By reason of the foregoing, I believe Maynard is eligible for employment and retention pursuant to sections 327(e) and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules, *nunc pro tunc* to January 17, 2019.

To the best of my knowledge, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Walter A. "Tod" Dodgen