IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-80155-CRJ11 |
| STEVE SHICKLES, JR. and RONDA ) | |
| SHICKLES, ) | Chapter 11 |
| ) | |
| Debtors. ) | |

## OBJECTION TO APPLICATION BY DEBTOR FOR APPROVAL OF EMPLOYMENT OF SPECIAL COUNSEL NUNC PRO TUNC

Simple Helix, LLC ("Simple Helix"), Deep Blue Holdings, LLC ("Deep Blue"), Alpha Hosting, LLC ("Alpha"), The Westmoreland Company, Inc. ("Westmoreland"), Karl Leo, and Jada Leo (collectively, the "Simple Helix Parties"), creditors and parties-in-interest in the above-styled bankruptcy case, respectfully object (the "Objection") to the *Application by Debtor for Approval of Employment of Special Counsel Nunc Pro Tunc* [Doc. 60] (the "Application"). In support of this Objection, the Simple Helix Parties state as follows:

### BACKGROUND

1. On January 17, 2019 (the "Petition Date"), Steve Shickles, Jr. and Ronda Shickles (together, the "Debtors") filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

2. The Debtors filed the Application on January 30, 2019, and the Court set the Application for hearing on February 4, 2019.

3. In the Application, the Debtors seek Court approval to employ and retain Jake Watson, P.C. ("Watson") to represent Steve Shickles, Jr. ("Mr. Shickles") in a criminal lawsuit (the "Criminal Action") related to the fraud and embezzlement scheme described in the Simple

Helix Parties' *Emergency Motion to Convert Case to Chapter 7, or in the Alternative, Dismiss and for Relief from the Automatic Stay* [Doc. 17] (the "Motion to Convert").

**OBJECTION**

4. Section 327(e) of the Bankruptcy Code provides as follows:

The trustee,[1] with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

5. Thus, to employ Watson as special counsel in the Criminal Action, the Debtors must show (i) Watson previously represented the Debtors, (ii) retaining Watson is in the best interest of the estate, and (iii) Watson is not adverse to the Debtors in the Criminal Action. *In re French*, 139 B.R. 485, 489 (Bankr. D.S.D. 1992).

6. In the Application, the Debtors do not demonstrate that the employment of Watson in the Criminal Action is in the best interest of the Debtors' estate. To the contrary, the employment of Watson will only benefit the Debtors personally and will impose unnecessary expenses on their estates and unsecured creditors.

7. Bankruptcy courts have repeatedly found that individual debtors cannot use estate funds to represent themselves in criminal proceedings for pre-petition conduct. *See French*, 139 B.R. at 490–91 (Bankr. D.S.D. 1992) ("'[A] bankruptcy debtor-in-possession cannot employ and use estate funds to pay criminal counsel in connection with the defense of criminal charges arising out of prebankruptcy activities." (citation omitted)); *In re Duque*, 48 B.R. 965, 974–75 (S.D. Fla. 1984) ("Criminal counsel must not be *potentially* in the estate's interest but reasonably and actually

---

[1] "Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

calculated to be in its best interest."); *In re Miell*, C09-112-MWB, 2009 WL 2590515, at *4 (N.D. Iowa Aug. 19, 2009) ("[B]ankruptcy courts have rejected payment of criminal defense attorneys out of the estate." (citations omitted)); *In re Spurgeon*, 07-34063, 2008 WL 4372762, at *3 (Bankr. E.D. Tenn. Sept. 18, 2008) ("[T]he court has no alternative but to deny the Application to Employ Criminal Counsel. This does not, however, prohibit the Debtor from using non-estate funds to hire and compensate Mr. Harwell to represent him."); *Official Comm. of Disputed Litig. Creditors v. McDonald Investments, Inc.*, 42 B.R. 981, 987 (N.D. Tex. 1984) ("The employment of criminal counsel for the debtor, while allowable under the Bankruptcy Code, is not in the best interest of the estate in this case.").

8. In the present case, the employment of Watson to represent Mr. Shickles in the criminal case would only benefit Mr. Shickles personally at the expense of the Debtors' estate and their unsecured creditors. Thus, the Simple Helix Parties respectfully object to the Application.

9. Alternatively, if the Court is not inclined to deny the Application outright, the Simple Helix Parties request that the Court continue the hearing to allows the Debtors and the Simple Helix Parties to fully brief the issues raised in the Application and herein.

**WHEREFORE**, the Simple Helix Parties request that this Court (i) deny the Application, (ii) or in the alternative, continue the hearing on the Application and enter a briefing schedule; and (iii) grant such other and further relief as is just and proper.

Respectfully submitted,

/s/ Andrew J. Shaver

Kevin C. Gray
Andrew J. Shaver
**BRADLEY ARANT BOULT CUMMINGS LLP**
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801
Tel: (256) 517-5150
Email: kgray@bradley.com
ashaver@bradley.com

*Attorneys for Movants Simple Helix, LLC, Deep Blue Holdings, LLC, Alpha Hosting, LLC, The Westmoreland Company, Inc., Karl Leo, and Jada Leo*

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2019, I electronically filed the foregoing with the Clerk of the Court and served the following using the CM/ECF system which will send notification to all parties of record, including the following:

Kevin D. Heard
HEARD, ARY & DAURO, LLC
303 Williams Avenue SW
Park Plaza Suite 921
Huntsville, AL 35801
*Proposed Counsel to the Debtors*

Richard M. Blythe
Post Office Box 3045
400 Well Street NE, Room 236
Decatur, Alabama 35602
*Bankruptcy Administrator*

                                                /s/ Andrew J. Shaver
                                                Of Counsel