IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| STEVE SHICKLES, JR. ) | CASE NO. 19-80155-CRJ11 |
| SSN: XXX-XX-4301 ) | |
| ) | CHAPTER 11 |
| RONDA SHICKLES ) | |
| SSN: XXX-XX-0467 ) | |
| ) | |
| Debtors. ) | |
| ) | |

**MOTION FOR PROTECTIVE ORDER AND OTHER RELIEF**

COME NOW, Debtors Steve Shickles, Jr. and Ronda Shickles ("Debtors"), by and through undersigned counsel, and file this motion for a Protective and for Other Relief pursuant to §105 of the Bankruptcy Code and in support thereof would say:

1. On January 17, 2019, (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in this district and division.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1049.

3. Pursuant to §§ 1108 and 1108 of the Bankruptcy Code, Debtors continue as Debtors in Possession and no trustee has been appointed in this case.

4. On January 30, 2019 the Debtors filed their certified listing of assets with this Court [Doc. 59]. This list was subsequently amended by them on February 5, 2019 [Doc. 96].

5. Indeed, since the Petition Date, the Debtors have cooperated with all creditors in regards to giving them access to storage facilities and offices where assets of the Estate are located in order to inspect the property of the Estate.

6. On February 8, 2019 this Court entered an Order appointing Stuart Maples as an Examiner in this case [Doc. 107].

7. As part of discharging his duties, on February 12, 2019 Mr. Maples requested access from the Debtors' to the storage facilities and office where property of the Estate is located. Additionally, Mr. Maples sought to come to the Debtor's home and conduct an inspection of the house and its contents.

8. The Debtors responded to this request on February 13, 2019 and set up a time that granted Mr. Maples access to all three locations. However, with regard to the inspection of their home, the Debtors had certain concerns for their privacy, as such they requested that: 1) the inspection occur when their children were not at home; 2) that beyond pleasantries the Examiner would not engage in substantive discussion with the Debtors; 3) that no pictures be taken inside their home; 4) that only the Examiner enter their home to conduct his inspection; and 5) that the Examiner would be allowed access to all areas of the house much like a realtor would show a prospective buyer.

9. In a subsequent phone conversation with the Examiner and the undersigned counsel, additional measures were implemented so that the Examiner could view Mrs. Shickles jewelry and Mr. Shickles firearms.

10. While Mr. Maples originally agreed to these requests, he now seeks to expand on them. Specifically, he wants to take pictures inside the Debtors home for identification purposes;

he wants to bring his paralegal with him during the inspection; he also wants "access to all spaces in the house"; and he has demanded that he be allowed to view all items on the Amended Certified Report and/or the Schedules.

11. The Debtors understand their obligations in this case. That is why they filed extensive and detailed lists of their personal property as part of their Certified Report and Amended Certified Report to Court as well as their Bankruptcy Schedules. Furthermore, they have been transparent by allowing both creditors (including disputed creditors) and the Examiner to inspect their belongings. However, Mr. Maples latest request simply goes to far and does not respect the Shickles right to privacy and is otherwise unwarranted. There is no reason why Mr. Maples has to be accompanied by another person when inspecting the Shickles home. Additionally, there is no reason, and none has been given, at this point that warrants his taking pictures of the Shickles interior of their house, their household furniture, jewelry and personal belongings. Moreover, it is submitted that the taking of pictures is not necessary for performing the duties which this Court charged him with when it appointed Mr. Maples as Examiner. The Shickles have provided all interested parties including Mr. Maples with extensive lists of personal property. He can verify that the property is present and accounted for without taking pictures. If he finds a problem or believes that pictures are needed, Mr. Maples can certainly petition the Court for such relief.

12. Additionally, the Debtors are concerned about Mr. Maples statement that he wants access to all spaces in the house. To be clear: the Debtors had intended to show Mr. Maples their home and its contents in a manner that gives him access to every room in the house, but

Case 19-80155-CRJ11    Doc 131    Filed 02/15/19    Entered 02/15/19 14:10:27    Desc
Main Document    Page 3 of 6

were not going to open doors to cabinets, dressers or rummage through closets. In fact there is no reason that Mr. Maples should have access to the Shickles' master bedroom and closets other than touring the room and viewing the closets and its contents. He should not be allowed to inspect their clothes and personal items even though they are listed on the bankruptcy schedules. The same is true for the Shickles children rooms. Mr. Maples should not be allowed to inspect these rooms other than touring them as a prospective buyer would examine them.

13. For these reasons, Debtors believe that the request made by Mr. Maples as Examiner is unreasonable and is outside the purposes for which this Court appointed Mr. Maples. His charge as examiner is determine, *inter alia,* the existence of the assets and liabilities and advise the Court with respect to the Debtors' reorganization prospects. He is not charged with trying to perform an accounting of assets or their valuation.

WHEREFORE PREMISES CONSIDERED, Debtors respectfully request that this Honorable Court enter an Order defining the scope, methods and procedures by Mr. Maples as the Examiner should be allowed, if at all, to conduct any inspection of the Debtors home plus grant them such additional relief to which they are justly entitled.

Respectfully submitted this 15th day of February, 2019.

> */s/ Kevin D. Heard*
> Kevin D. Heard
>
> */s/ Angela S. Ary*
> Angela S. Ary

Attorneys for Debtors
HEARD, ARY & DAURO, LLC
303 Williams Avenue, Suite 921
Huntsville, Alabama 35801
256-535-0817
kheard@heardlaw.com
aary@heardlaw.com

Page **5** of **6**

Case 19-80155-CRJ11    Doc 131    Filed 02/15/19    Entered 02/15/19 14:10:27    Desc
Main Document    Page 5 of 6

# CERTIFICATE OF SERVICE

       I hereby certify that on the 15th day of February, 2019, I served a copy of the foregoing on the parties listed below and on the attached matrix by depositing the same in the United States Mail, postage prepaid and properly addressed, via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice, via the CM/ECF System, will be electronically mailed to:**

Richard M Blythe
Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov

Kevin C Gray on behalf of Creditors Alpha Hosting, LLC, Deep Blue Holdings, LLC, Simple Helix, LLC, The Westmoreland Company, Inc., Jada Leo, and Karl Leo
kgray@bradley.com, kevingray671@gmail.com;ttatum@bradley.com;mpressley@bradley.com

Andrew J. Shaver on behalf of Creditors Alpha Hosting, LLC, Deep Blue Holdings, LLC, Simple Helix, LLC, The Westmoreland Company, Inc., Jada Leo, and Karl Leo
ashaver@bradley.com

Stuart M Maples, Examiner
Stuart Maples SMaples@mapleslawfirmpc.com


**Notice, via US Mail, will be sent to:**

None.

                                                */s/Kevin D. Heard*
                                                Kevin D. Heard