IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **BANKRUPTCY CASE NO.** |
| **STEVE SHICKLES and** | ) | |
| **RONDA SHICKLES** | ) | **19-80155-CRJ11** |
| | ) | |
| | ) | **Chapter 11** |

**OBJECTION BY RENASANT BANK
TO SUBPOENAS OF AP PLAINTIFFS**

COMES NOW Renasant Bank ("Renasant"), and for its objection to subpoenas filed by Alpha Hosting, LLC, Deep Blue Holdings, LLC, Jada Leo, Karl Leo, Simple Helix, LLC, The Westmoreland Company, Inc. ("AP Plaintiffs"), on January 25, 2019 and February 12, 2019, says as follows:

**Response to Subpoena**

1. AP Plaintiffs' subpoenas are directed towards certain information related to customers of Renasant.

2. As a "financial institution," Renasant's usage and protection of certain customer information is governed by both federal and state law. *See* 15 U.S.C. 6801, *et seq.*; Ala. Code § 5-5A-43; and Miss. Stat. § 81-5-55.

3. Since Renasant is a Mississippi state-chartered bank doing business in Alabama, both Mississippi and Alabama laws should be considered along with the federal Gramm-Leach-Bliley Act. *Id.*

4. Under Miss. Stat. § 81-5-55, while deposit information is protected, it may be produced "when required to be done in a legal proceeding."

{BH378820.1}

5. Similarly, the Alabama Supreme Court has held that customer information should be protected. *See Ex Parte Mutual Savings Life Insurance Co.*, 899 So.2d 986 (Ala. 2004). In that case, while the Court required certain customer information to be turned over in litigation, the Court noted that "when exercising its broad discovery discretion by ordering the discovery of customers' nonpublic personal information, [the court] should also issue a comprehensive protective order to guard the customers' privacy."

6. Accordingly, Renasant proposes to produce the requested documents under the terms of a Protective Order.

7. The subpoena does not appear to request any of the Bank's own memoranda or internal work.

8. Accordingly, the Bank will not be producing any such internally prepared records.

9. Counsel for Renasant has corresponded with counsel for the AP Plaintiffs and Debtors' counsel and submits that the parties are working on an agreed Protective Order.

### Reservation of Objections

To the extent that the party issuing the subpoena, or any other party, deems that the requests are more broad and warrant further production, Renasant reserves (as described below) its objections to providing such further information:

### State Privacy Laws

Renasant is a Mississippi state-chartered bank doing business in Alabama. Mississippi's banking statute (§ 81-5-55 Miss. Revised Statutes) governs disclosure of customer information by Mississippi banks. Alabama banking law (Ala. Code Section 5-5A-43) also protects customer information.

### Federal Privacy Law

Bank customers are also protected under the customer privacy provisions of the Gramm-Leach-Bliley Act (15 U.S.C. 6801, *et. seq.*).

### Undue Burden, Nexus to Claims, and Confidentiality

In assessing what discovery is proper, courts are to consider the nature of the claims and whether, in light of those claims, the party has demonstrated a particular need for the discovery. *See Ex Parte First National Bank of Pulaski*, 730 So.2d 1160 (Ala. 1999).

### Confidentiality Order

As set forth in *Ex Parte Mutual Savings Life Insurance Co., supra*, a comprehensive protective order should be entered providing that any information not relevant to the pending litigation be redacted to protect the privacy of individuals, i.e., any and all unnecessary names, financial information, medical information, etc. contained in the documents produced pursuant to the subpoena. Such order should further circumscribe the use of such documents to being used solely in a direct fashion in this litigation.

WHEREFORE, PREMISES CONSIDERED, Renasant respectfully requests this Court to provide that any documents produced are subject to an appropriate Protective Order protecting such information from disclosure to non-litigants and prescribing that litigants can only use it directly in this litigation; and to grant such other and further relief as this Court may deem appropriate.

/s/ C. Ellis Brazeal III
C. Ellis Brazeal III (BRA051)

*Attorney for Renasant Bank*

OF COUNSEL:
**JONES WALKER LLP**
420 20th Street North, Suite 1100
Birmingham, AL 35203
T: (205) 244-5200 | F: (205) 244-5400
ebrazeal@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of February 2019, I filed this Objection to Subpoenas with the Clerk of Court via electronic filing which will serve a copy to the parties in this matter:

>                /s/ C. Ellis Brazeal III
>                OF COUNSEL