# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-80155-CRJ11 |
| STEVE SHICKLES, JR. and RONDA ) | |
| SHICKLES, ) | Chapter 11 |
| ) | |
| Debtors. ) | |

## MOTION TO ENFORCE PLAN

Simple Helix, LLC ("Simple Helix"), Deep Blue Holdings, LLC ("Deep Blue"), Alpha Hosting, LLC ("Alpha"), The Westmoreland Company, Inc. ("Westmoreland"), Jada Leo, and Karl Leo (collectively, the "Simple Helix Parties"), creditors and parties-in-interest in the above-styled bankruptcy case, file this Motion to Enforce Plan and, in support hereof, state as follows:

1. On January 17, 2019 (the "Petition Date"), the Steve Shickles, Jr. ("Steve") and Ronda Shickles ("Ronda" or, together with Steve, "Debtors") filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

2. The Court entered its Order Confirming Amended Joint Plan of Reorganization on July 18, 2019 (the "Confirmation Order"). The Confirmation Order approved that certain Settlement Agreement dated May 21, 2019, between the Debtors and the Simple Helix Parties (as amended from time to time, the "Agreement").

<u>Payment of 25% of Gross Earnings</u>

3. In Section 2(c) of Agreement, Steve consented to a $13,000,000 judgment and is required, for 2019, to pay "a sum equal to 25% of his gross income from his employment." Steve

is required to make "periodic payments consistent with the same schedule on which Steve is paid any income."

4. Steve was paid gross earnings of $5,833.33 by direct deposit on June 16, 2019 by Justworks Employment Group, LLC for the period of June 1, 2019 through June 15, 2019.

5. Steve failed to pay the requisite 25% of the above referenced gross earnings to Simple Helix or even inform Simple Helix that he had any earnings.

6. Moreover, on August 27, 2019, this Court held a telephonic status conference on a Motion to Enforce Plan filed by Debtor's in which the Court emphasized that all parties should comply with the objective terms of the Agreement and issued an order emphasizing the same. [Doc. 428]. Though it was unknown to Simple Helix at that time, Debtors were, at that time, already in default for failing to pay 25% of Steve's gross earnings to Simple Helix.

Cooperation and Disclosure of Assets

7. Section 4 of the Agreements requires Debtors to cooperate with Simple Helix "regarding the identification and disclosure of all of their interests in property, real or personal, direct or indirect, wherever located and by whomever held." Section 2(e) of the Agreement requires Debtors to "notify the Simple Helix Parties of their location and physical address and provide written evidence of the same for so long as the judgment remains outstanding."

8. Upon learning that Steve had undisclosed gross earnings and, upon information and belief that Debtors, without any disclosed income, are, or were, leasing a house valued at approximately $500,000 with a rent listing of approximately $3,300 per month since June of 2019 according to Zillow.com, Simple Helix sent a letter requesting information from Debtors with respect to their apparent non-compliance with the Agreement (the "Compliance Letter"). A true and accurate copy of the Compliance Letter is attached as **Exhibit 1**.

9. As it relates to Debtors' duty to cooperate in disclosure of assets, Simple Helix requested an updated status regarding Debtors' earnings, their employment status, and a copy of their bank statements. Additionally, the Compliance Letter requested written evidence of Debtors' physical address.

10. Debtors have failed to respond in any way to Simple Helix's requests.

### Assignment of Domain Names

11. In the confirmed Revised Amended Join Plan [Doc 363], Section 6.3 requires that Debtors, "upon the effective date of the Plan, shall transfer, assign, and deliver to the Liquidating Trustee, without recourse, all of their respective rights, title, and interests in and to the real and personal property owned by them as of January 17, 2019 (hereinafter "Liquidating Trust Assets") except for the exempt items of property identified on the Schedules."

12. All Liquidating Trust Assets were subsequently sold by the Liquidating Trustee to Simple Helix.

13. The Debtors own a substantial number of registered domain names. See Exhibit 2 at Section 4. These domain names qualify as personal property and are assets which were constructively a part of the Liquidating Trust Assets which have been sold to Simple Helix.

14. Debtors not only failed to disclose such assets to the Court, Debtors have refused to relinquish these assets in conformance with the Agreement and the Plan.

### Return of Property or Fixtures Not Included on Debtors Exemption List

15. Section 2(a) of the Agreement clearly states that all assets of the Debtor Parties and the Debtors; bankruptcy estate wherever located and by whomever held" will be liquidated with the exception of the exempt property shown on Schedule A of the Agreement. Debtors further agreed to cooperate with the Simple Helix Parties "with respect to the recovery of preferential

transfers, fraudulent transfers or other actions against third parties to recover property transferred by or on behalf of the Debtors."

16. In preparing the Debtors' former residence for liquidation, Simple Helix became aware of certain equipment, fixtures, and personal property that were no longer located at the house and which were not listed on Debtors' exemption list. These items include, but are not limited to, audio visual and surveillance equipment installed at the residence, custom drapery installed at the residence, and certain items of personal property that were not included on Debtors' exemption list.

17. In the Compliance Letter, Simple Helix requested the return of these specific items or, if Debtors were no longer in possession of the items, a complete explanation for how each item was disposed and, if known, its current location. See Exhibit 1 at Section 3.

18. Debtors have failed to respond to Simple Helix's request.

Status of Tax Refunds and Amended Tax Returns

19. At the time of filing and the execution of the Agreement, Debtors had outstanding tax filings and were purportedly due tax refunds from the both the United States Treasury Department and the State of Alabama.

20. These Assets were to be surrendered to the Liquidating Trustee and to be disbursed pursuant to the Plan.

21. Upon information and belief, Debtors have failed to take action to surrender their tax refunds to the Trustee for disbursement pursuant to the Plan.

22. Moreover, Debtors have an obligation under Section 2(m) of the Agreement to provide the Simple Helix Parties a copy of their federal and state tax returns within thirty (30) days of filing.

4

23. Upon information and belief, Debtors have amended their state and federal tax returns and have failed to provide a copy of the same to the Simple Helix Parties.

Discovery of Miscellaneous Items

24. Simple Helix, following its purchase of the Liquidating Trust Assets, discovered among the purchased assets, nine (9) savings bonds in the amount $50.00 in the names of the Debtors' minor children. Additionally, Simple Helix found family photographs left behind by Debtors in their former residence.

25. Simple Helix requests direction from the court with respect to what should be done with these bonds and other items.

Conclusion

26. Simple Helix contends that Debtors have willfully violated the Plan and the Agreement. Debtors have repeatedly and consistently refused to cooperate with the Simple Helix Parties and have yet, never appeared before the court to provide an explanation for their refusal to cooperate. Moreover, Debtors petitioned this court to Enforce the Agreement while at the same time willfully failing to abide by the Agreement by not paying 25% of Steve's gross earnings to Simple Helix.

WHEREFORE, Simple Helix requests this Honorable Court order the following:

(a) That Debtors shall appear at an evidentiary hearing and testify regarding their employment, income, residence, any personal property retained by Debtors which does not appear on their exemption list, the status of the substantial tax refunds allegedly owed to Debtors, and other matters related to compliance with the Agreement;

(b) That Debtors appear before the court and show good cause as to why they have failed to comply with the Plan and the Agreement, including, but not limited to, why they failed to pay to Simple Helix 25% of Steve's gross earnings, and why they failed to disclose or transfer personal property such as the domain names;

(c) That Debtors immediately pay to Simple Helix 25% of all of Steve's post Agreement gross earnings;

(d) That Debtors immediately relinquish their tax refunds and/or assign any tax refunds to the Liquidating Trustee or, in the alternative, to Simple Helix; and

(e) That Debtors assign, transfer, and convey all right, interest and title in any domain name owned by them at the time of the Agreement to Simple Helix.

Respectfully submitted on this, the 17th, day of January, 2020.

/s/ Brian J. Richardson
Brian J. Richardson
**LEO LAW FIRM, LLC**
200 Randolph Ave.
Huntsville, AL 35801
Tel: (256) 539-6000
Email: brichardson@leo-law.com

*Attorney for Simple Helix, LLC, Deep Blue Holdings, LLC, Alpha Hosting, LLC, The Westmoreland Company, Inc., Jada Leo, and Karl Leo*

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2020, I electronically filed the foregoing with the Clerk of the Court and served the following using the CM/ECF system which will send notification to all parties of record, including the following:

Kevin D. Heard
HEARD, ARY & DAURO, LLC
303 Williams Avenue SW
Park Plaza Suite 921
Huntsville, AL 35801
*Proposed Counsel to the Debtors*

Richard M. Blythe
Post Office Box 3045
400 Well Street NE, Room 236
Decatur, Alabama 35602
*Bankruptcy Administrator*

                                            /s/ Brian J. Richardson
                                            Of Counsel