B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Northern Alabama

In re  Steve Shickles and Ronda Shickles
_____Debtor_____

Case No. 19-80155-CRJ11

*(Complete if issued in an adversary proceeding)*

Simple Helix, LLC et al
_____Plaintiff_____

Chapter 11

v.

Steve Shickles and Ronda Shickles
_____Defendant_____

Adv. Proc. No. 19-80008-CRJ

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: M.I. Trading LLC, Attn: Moran Tairy, 3307 Northland Drive, #297, Austin, TX 78731
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Exhibit A

| PLACE  By U.S. Mail, Courier or Email (provided below) Leo Law Firm, LLC 200 Randolph Avenue Huntsville, AL 35801 | DATE AND TIME March 6, 2020, 5:00pm CT |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/14/2020

CLERK OF COURT

OR

_____          /s/ Brian Richardson
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Simple Helix, LLC, et al._____, who issues or requests this subpoena, are:
Brian Richardson, Leo Law Firm, LLC, 200 Randolph Avenue, Huntsville, AL 35801; brichardson@leo-law.com; 256-539-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

### (c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of:<br><br>STEVE SHICKLES, JR.<br>SSN: XXX-XX-4301<br><br>RONDA SHICKLES<br>SSN: XXX-XX-0467<br><br>    Debtors. | Case No. 19-80155-CRJ11<br><br>Chapter 11 |
| SIMPLE HELIX, LLC; DEEP BLUE HOLDINGS, LLC; ALPHA HOSTING, LLC; THE WESTMORELAND COMPANY, INC.; JADA LEO; and KARL LEO<br><br>    Plaintiffs,<br><br>v.<br><br>STEVE SHICKLES and<br>RONDA SHICKLES,<br><br>    Defendants. | AP No. 1908000-CRJ |

## **EXHIBIT A TO SUBPOENA**

### INSTRUCTIONS

    1.    In producing the documents responsive to this command/request under Rule 45 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure (each, a "Request" and collectively, the "Requests"), you must furnish any and all documents, information, or items known or available, tangible or otherwise, including electronically stored information, regardless of whether the documents and/or information are physically possessed by you or your attorneys, employees, agents, investigators, contractors, or other persons acting on your behalf.

    2.    Unless otherwise specified, each Request contained herein refers to, relates to, and requests information for any and all periods of time leading up to and

1

including the date upon which you provide the documents responsive to these Requests, and/or any supplement or supplements thereto, to undersigned counsel.

3. Where only a portion of a document relates to or refers to the subject indicated, the entire document, along with any and all attachments, appendices, images, pictures, and/or exhibits, must nevertheless be produced.

4. To the extent that you allege that any single Request or portion of such is objectionable, you remain obligated to answer those non-objectionable Requests, or portions of such, and state fully the basis for your objection

5. You are hereby requested to supplement your responses and/or productions if you or any person acting on your behalf obtains documents or things which render your prior responses and/or productions incorrect, incomplete, inaccurate, unfulfilled, untrue, mischaracterizing, or misleading. Such responses shall be served promptly, but in any case, within fourteen (14) days after you receive or discover such documents, information, or things.

6. Upon receipt of this subpoena, should you have any questions, please contact Brian J. Richardson, Esq., of The Leo Law Firm, LLC, at 200 Randolph Avenue Southeast, Huntsville, Alabama, 35801, (256) 539-6000.

7. The party(ies) causing the issuance of this subpoena agrees to pay all reasonable copying expenses incurred by you at the aforementioned time and place. However, if the costs should exceed $100.00, please contact Brian J. Richardson, Esq., of The Leo Law Firm, LLC, at 200 Randolph Avenue Southeast, Huntsville, Alabama, 35801, (256) 539-6000.

## DEFINITIONS

Unless otherwise indicated, the words or terms identified below shall have the following meanings:

1. "Communication(s)" refers to any documents, oral statement, written statement, meeting, work conference, expression or exchange of information, formal or informal, at any time or place, under any circumstance whatsoever, whereby information of any nature was stated, spoke, written, recorded, gestured, expressed, or conveyed in any way or any manner.

2. "Document(s)" refers to the meaning given by Rule 34(a)(1) of the Federal Rules of Civil Procedure and includes, but is not limited in any way to, any written or graphic material and electronically stored information, including, but not limited to, accounts, affidavits, agreements, books, books of accounts, checks, contracts, copyrights, correspondence, deeds, diaries, drafts, drawings, examinations, interviews, investigations, leases, letters, manuscripts, maps, memoranda, microfilm, microfiche, minutes, notes, papers, patents, photographs, receipts, records, recordings, records of

telephone conversations, regulations, reports, reports of examinations, sounds recordings, statutes, summaries of telephone conversations, tapes, telegrams, telexes, transcripts, work sheets, writings of any kind including drafts, originals, copies, or photo copies thereof, and any information which is stored or carried electronically or on computer equipment, tape recordings, cassette recordings, voice mail messages, and any other audio recording of any kind, or otherwise. The term "document(s)" shall also include all copies of each document if the copies contain any omission, additional writing, other marking, or symbol or are not identical to the original in any manner, whatsoever.

3. "And/or" shall be interpreted in every instance both conjunctively and disjunctively so as to include any information within the scope of any of the items to which the conjunction "and/or" applies.

4. "Related," "relating," "relate(s)," "pertained," "pertaining," "pertain(s)," "regarded," "regarding," and "regard(s)" means constituting, comprising, containing, contradicting, setting forth, showing, disclosing, discussing, describing, embodying, evaluating, explaining, recording, reflecting representing, supporting, stating, studying, noting, analyzing, contradicting, summarizing, mentioning, concerning, relevant to, and/or referring to, directly or indirectly.

## REQUESTS FOR PRODUCTION

1. All records and documents generated in connection with and/or related to the purchase by and/or sale of any and all jewelry, whatsoever, or other merchandise or supplies to and/or from the individuals and/or entities listed below:

   a. Steve Shickles, Jr. (from January 1, 2019, to the present)

   b. Ronda Shickles (from January 1, 2019, to the present)

2. The entire customer file, including without limitation any transaction logs, account statements, invoices, billing statements, bills of sale, receipts, checks, copies of checks, cancelled checks, cashier's checks, store-issued checks, business-issued checks, direct deposits, wire transfers, funds transfers, rental agreements, trade agreements or transactions, service or technical service agreements, repair agreements or repair work documents, credit applications, credit agreements, promissory notes, or any other financial statements, any warranty registration or warranty claims, and any correspondence related to such account(s), for any accounts regarding any of the individuals and/or entities listed below:

   a. Steve Shickles, Jr. (from January 1, 2019, to the present)

   b. Ronda Shickles (from January 1, 2019, to the present)

3. All documents containing the signature of or pertaining to the individuals and/or entities listed below, including without limitation any and all co-signors of any

3

accounts, correspondence, and/or communication between you and the individuals and/or entities listed below:

       a. Steve Shickles, Jr. (from January 1, 2019, to the present)

       b. Ronda Shickles (from January 1, 2019, to the present)

    4. Any other documents or things, tangible or otherwise, pertaining to any transactions with the individuals and/or entities listed below but not produced in response to Request number 1, Request number 2, and/or Request number 3, for:

       a. Steve Shickles, Jr. (from January 1, 2019, to the present)

       b. Ronda Shickles (from January 1, 2019, to the present)

**You have the option to deliver or mail legible copies of documents or things to the party causing the issuance of this subpoena, but you may condition such activity on your part upon payment in advance, by the party causing the issuance of this subpoena, of the reasonable costs of making such copies.**