IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-80155-CRJ11 |
| STEVE SHICKLES, JR. and RONDA ) | |
| SHICKLES, ) | Chapter 11 |
| ) | |
| Debtors. ) | |

### TRUSTEE'S REPORT TO THE COURT

COMES NOW Stuart M. Maples, Liquidating Trustee (the "Trustee"), pursuant to the Court's Order: (1) Vacating Evidentiary Hearing; (2) Fixing Deadline To File Complaint To Enjoin Criminal Proceeding; (3) Scheduling Hearing On Renewed Motion To Enforce Plan; and (4) Requiring Liquidating Trustee To File Report To Court [Doc 528], and hereby files this Report to the Court as follows:

## Motion to Enforce Plan filed by Simple Helix [Doc 503]

## Debtors' Response in Opposition to Motion to Enforce Plan [Doc 507]

## Reply to Debtors' Response to The Simple Helix Parties Motion to Enforce Plan [Doc 514]

## Renewed Motion to Enforce Plan [Doc 526]

### Trustee's Findings

1. <u>Payment of 25% of Gross Earnings</u>: Steve consented to a $13,000,000.00 judgment and is required, for 2019, to pay "a sum equal to 25% of his gross income from his employment." Steve is required to make "periodic payments consistent with the same schedule on which Steve is paid any income."

Undisclosed Payment of 25% of Gross Earnings:
2019 Gross earnings: $5,833.33 by direct deposit on June 16, 2019 by Justworks Employment Group, LLC for the period of June 1, 2019 through June 15, 2019.

Steve remitted to Simple Helix Parties 25% of his gross earnings. Attached as Exhibit A to Debtors' Response in Opposition to Motion to Enforce Plan [Doc 507] is a receipt showing that a cashier's check in the amount of $1,592.02 was delivered to Brian Richardson as attorney for Simple Helix Parties on January 27, 2020.

Debtors' indicate to the Court that they are complying with the Agreement by providing the 25% of Steve's gross earnings more than six (6) months after they were due and only in response to a Motion to Enforce and hearing regarding the same. The Agreement was to require cooperation from Debtors and requiring the Simple Helix Parties to force cooperation at every turn is in violation the Agreement.

The Trustee believes this contempt has been purged but agrees that "forced cooperation" (i.e. the purging of contempt only after being caught), is a lack of cooperation.

2. Cooperation and Disclosure of Assets: Simple Helix learned Debtors are, or were, leasing a house valued at approximately $500,000.00 with a rent listing of approximately $3,300.00 per month since June of 2019 according to Zillow.com. Simple Helix requested an updated status regarding Debtors' earnings, their employment status, a copy of their bank statements, and physical address. Debtors have failed to respond in any way to the requests.

Debtors responded to Brian Richardson via email on December 27, 2019 in response to a letter received from Mr. Richardson also on December 27, 2019. Simple Helix Parties are fully aware of the physical address at which the Debtors reside because the Debtors provided this information to the Trustee and the Simple Helix Parties during their sworn exit interviews. Furthermore, the Simple Helix Parties and its attorneys have recently spoken with Mr. Sundararaman (Debtors' Landlord) requesting personal information regarding the Debtors. Apparently, the Simple Helix

Parties were unhappy with those responses because it subsequently sent a subpoena for records to Mr. Sundararaman.

No substantive response was provided and the Simple Helix Parties and its counsel of record take exception to the implication contained in paragraph 2 of Debtors' in Opposition to Motion to Enforce Plan. Debtors have provided a partially executed copy of their lease agreement; they have continued to refuse to provide the documentation evidencing their rent payments and the accounts from which those payments are being made.

The Trustee finds that some bank statements have been shared but those statements do not show rent payments. However, the bank account is not being used to pay rent, utilities, cell phones, internet or car payments. The Debtors have deposited $4,000.00 from a personal loan; received $3,218.50 from Magpie/Declutr from the sale of items; $1,732.50 from the sale of items to Poshmark; $320.00 from the State of Alabama dated February 26, 2019 and deposited on July 9, 2019; and the deposit of $3,800.00 cash on July 22, 2019—4 days after Confirmation. Further investigation reveals that the Shickles are allegedly selling assets for cash and paying rent. There is also evidence of items not on the exemption list being sold which begs the question: how did the Debtors acquire these items? Some of these items may have been their daughters' possessions.

This course of behavior leads the Trustee to believe that there may be additional sources of income/assets available to the Shickles. These transactions should be explained, under oath, by the Shickles.

3. <u>Assignment of Domain Names</u>: Revised Amended Join Plan [Doc 363], Section 6.3 requires Debtors to transfer, assign, and deliver to the Liquidating Trustee all rights, title, and interests in and to the real and personal property owned by them as of January 17, 2019 ("Liquidating Trust Assets"). These domain names qualify as personal property and are assets which were constructively a part of the Liquidating Trust Assets which have been sold to Simple

Helix. Debtors not only failed to disclose such assets to the Court, Debtors have refused to relinquish these assets in conformance with the Agreement and the Plan.

<span style="color:red">Existence of these domains was discussed with the Simple Helix Parties' counsel prior to confirmation when the Simple Helix Parties determined that its web site domain was registered in Steve Shickles' name. Mr. Shickles turned over these domains to the Simple Helix Parties upon learning that the Simple Helix Parties domains were registered in his name. As to the domains which are provided by Enom, the Simple Helix Parties can simply remove Mr. Shickles' name from them in their primary account. Mr. Shickles has no control over those domains. All domains provided by the Simple Helix Parties on GoDaddy were cancelled when GoDaddy didn't receive payment.</span>

<span style="color:blue">These assets were not on Debtors exempt list and are due to be assigned to the Simple Helix Parties as purchasers of the entirety of the bankruptcy estate from the Liquidating Trustee. Debtors position that because they wrongfully failed to disclose these assets and turn them over to the Trustee that they now get to retain these assets is confounding.</span>

<span style="color:green">The Trustee understands that the domain names at issue have now been assigned.</span>

4. <u>Return of Property or Fixtures Not Included on Debtors Exemption List</u>: Simple Helix became aware of certain equipment, fixtures, and personal property that were no longer located at the house and which were not listed on Debtors' exemption list. These items include, but are not limited to, audiovisual and surveillance equipment installed at the residence, custom drapery installed at the residence, and certain items of personal property that were not included on Debtors' exemption list. Simple Helix requested the return of these specific items. Debtors have failed to respond to Simple Helix's request.

<span style="color:red">The Debtors are not in possession of these items. In July 2019, the Trustee was informed that portions of the audiovisual equipment in the house had been removed over the five year period in</span>

which the Debtors lived in the house, but that all audiovisual equipment which was located at their house remained there after they moved out. The same is true as to the video surveillance equipment.

The Simple Helix Parties requested either the property be returned, or, in the event Debtors are no longer in possession of the items, for Debtors to provide a complete explanation for how each item was disposed and if known, its current location. Some of these items were present in the days leading up to Debtors' move. Others were fixtures in the house which were removed and patches in the walls left. When and how they were disposed of is a relevant inquiry as they could represent assets for which the estate, through the Trustee, has recourse to recover.

The Trustee has no direct evidence that the Shickles have these items. However, inspection of the property immediately before moving confirmed certain controllers were mounted in several rooms of the house and were then missing after completion of the move. The value of these items is allusive and likely immaterial.

5. <u>Status of Tax Refunds and Amended Tax Returns</u>: Debtors have failed to take action to surrender their tax refunds to the Trustee for disbursement pursuant to the Plan Upon information and belief, Debtors have amended their state and federal tax returns and have failed to provide a copy of the same to the Simple Helix Parties.

The Simple Helix Parties and its attorneys know that on October 30, 2019, the Debtors executed and delivered to the Trustee an Assignment of Interest in Anticipated Tax Refund.

Debtors posit that because they delivered an assignment to the Liquidating Trustee, that they have no other obligation to ensure the tax refunds get delivered to the Trustee. However, Debtors fail to note that the assignment doesn't require any refund to be delivered to the Trustee. Debtors have failed to provide a copy of all statements of all financial accounts in which either or both Debtors have an interest from July 2019 through the present. Debtors have failed to comply with

5

the Agreement requiring them to each provide to the Simple Helix Parties a sworn personal financial statement within thirty (30) days of each calendar year-end.

The Liquidating Trustee was able to confirm with the Alabama Department of Revenue that Debtors had been issued a tax refund of $5,761.27 on December 26, 2019. Over a month prior to Debtors' multiple representations to this Court that it had received no such refund.

This is likely the most disturbing breach. The Shickles had to reasonably reach out to the Alabama Department of Revenue, give them the Texas address and deposit the refund. The Shickles were repeatedly instructed that all tax refunds were property of the estate and due to be turned over to the Trustee. The Shickles have surrendered the $5,700.00 to the Trustee after being confronted, stating they did not think this return was part of the bankruptcy.

The Trustee finds this to be a material breach, even after having been purged, which should be addressed by the Court.

6. <u>Discovery of Miscellaneous Items</u>:

   (a) Simple Helix discovered 9 savings bonds in the amount $50.00 in the names of the Debtors' minor children.

**No response or reply to this allegation.**

The Trustee does not view this as a breach of the Agreement.

   (b) Simple Helix has recently learned that Steve Shickles received $4,000.00 in June 2019 from Adorama. Adorama is a high-end camera equipment retail store in New York, New York. Shickles, just days prior to his initial bankruptcy filing, had sold approximately $150,000.00 worth of equipment to Adorama. Shickles never reported this income, nor surrendered it to the Liquidating Trustee.

**No response or reply to this allegation.**

6

Case 19-80155-CRJ11    Doc 532    Filed 03/04/20    Entered 03/04/20 13:32:50    Desc
Main Document    Page 6 of 8

The Trustee finds that $4,000.00 paid to the Debtors by Adorama in June of 2019 is a material breach. This breach has not been cured.

## Conclusion

The Trustee believes there is evidence of material breaches of the Agreement by the Debtors. There is also a pattern of abuse of the process by the Debtors through a lack of cooperation until confrontation. There has been a lack of full disclosure under the Agreement, including Personal Financial Statements at the end of 2019. This lack of transparency by the Debtors must cease if this settlement is to be meaningful. The Trustee believes that it is a very close question as to whether the Agreement is irreconcilably breached, resulting in the denial of discharge.

At the very least, the Trustee recommends post-settlement financial reporting in the form of typical monthly reporting requirements in Chapter 11 cases, a requirement that all cash receipts be deposited in the Debtors' checking accounting and all bills, including rent, be paid by check. The $4,000.00 from Adorama should be paid to the Trustee. Finally, the Trustee recommends that Debtors be placed on probation for one (1) year, and that any future beach, whether material or not, result in the denial of discharge and the revocation of the Settlement.

Respectfully submitted this the 4th day of March, 2020.

*/s/ Stuart M. Maples*
STUART M. MAPLES
(ASB-1974-S69S)
*Liquidating Trustee*

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

7

Case 19-80155-CRJ11    Doc 532    Filed 03/04/20    Entered 03/04/20 13:32:50    Desc
Main Document    Page 7 of 8

## CERTIFICATE OF SERVICE

       I hereby certify that on this 4th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, including without limitation the following:

Kevin D. Heard
Angela S. Ary
HEARD, ARY & DAURO, LLC
303 Williams Avenue SW
Park Plaza Suite 921
Huntsville, AL 35801
*Counsel to the Debtors*

Kevin C. Gray
Andrew J. Shaver
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801

Brian J. Richardson
LEO LAW FIRM, LLC
200 Randolph Ave.
Huntsville, AL 35801
*Counsel to Purchaser*

Richard M. Blythe
Post Office Box 3045
400 Well Street NE, Room 236
Decatur, Alabama 35602
*Bankruptcy Administrator*

                                          */s/ Stuart M. Maples*
                                          STUART M. MAPLES

8

Case 19-80155-CRJ11    Doc 532    Filed 03/04/20    Entered 03/04/20 13:32:50    Desc
Main Document    Page 8 of 8